**UNITED STATES of America,**
**Appellee,**

v.

**Asha PATTERSON, Defendant–**
**Appellant.**

**No. 06–2385–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 20, 2008.

B. Alan Seidler, New York, NY, for Defendant–Appellant.

Carter Burwell, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, Colleen Kavanagh, Assistant United States Attorney, of counsel), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Asha Patterson appeals from the May 9, 2006 final order of the United States District Court for the Eastern District of New York (Ross, J.) re-sentencing him principally to a term of 78 months in prison and three years of supervised release for his convictions of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and making false statements to a federal probation officer, in violation of 18 U.S.C. § 1001(a)(2). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Patterson argues that his within-Guidelines sentence was substantively unreasonable because his daughter's serious medical condition called for a non-Guidelines sentence and because the district court overly emphasized his previous violent conduct as an aggravating factor. Reviewing the district court's decision for reasonableness, *see United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006), this Court finds no merit to Patterson's claims. Giving due respect to the district court's reasoned judgment, *see Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 594–96, 169 L.Ed.2d 445 (2007), we cannot conclude that the district court's sentence was an abuse of discretion in light of Patterson's recidivism and the district court's view that this sentence was necessary to promote respect for the law and to deter against future criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(A)–(B), notwithstand-

ing the mitigating factors. "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," *Fernandez*, 443 F.3d at 27; we cannot conclude that this case falls outside the overwhelming majority.

Patterson's contention that the district court violated his Sixth Amendment rights in calculating his advisory Guidelines range by adding a two-level enhancement for possessing a stolen gun when the jury did not find this fact is without merit. *See, e.g.*, *United States v. Garcia*, 413 F.3d 201, 220 n. 15 (2d Cir.2005) ("Judicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker*."); *United States v. Crosby*, 397 F.3d 103, 112 (2d Cir.2005) ("[W]ith the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection.").

For the foregoing reasons, the judgment of the district court is AFFIRMED.